## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KATHY COOK BALL** | **CIVIL ACTION NO. 3:22-cv-665** |
| **VERSUS** | **DISTRICT JUDGE:** |
| **HUDSON INSURANCE COMPANY, KIMBERLY R. WICKS, and GUARANTEED TRANSPORT SERVICE, INC.** | **MAGISTRATE JUDGE:** |

*****************************************************************************

## NOTICE OF REMOVAL

Defendants, *Kimberly R. Wicks, Guaranteed Transport Service, Inc., and Hudson Insurance Company* ("Defendants") hereby remove the action captioned "*Kathy Cook Ball versus Kimberly R. Wicks, Guaranteed Transport Service, Inc., and Hudson Insurance Company*" bearing case number 174877 on the docket of the 21st Judicial District Court for the Parish of Livingston, State of Louisiana. In support of this notice of removal, Defendants plead the following grounds:

## BACKGROUND

I.

On July 27, 2022, this civil action was filed by plaintiff, Kathy Cook Ball ("Plaintiff"), in the 21st Judicial District Court for the Parish of Livingston, State of Louisiana, bearing docket number 174877, and captioned "*Kathy Cook Ball versus Hudson Insurance Company, et al* ("Petition"). *See* Petition for Damages, attached hereto as **Exhibit A**, and Declaration of Counsel, attached hereto as **Exhibit B**.

II.

In the Petition it is alleged that, on September 3, 2021, Plaintiff was driving a Nissan Rogue that was involved in an accident with a Kia Forte owned by Guaranteed Transport Service, Inc. ("GTS"), insured by Hudson Insurance Company ("Hudson"), and operated by Kimberly Wicks,

an employee of GTS, in Livingston Parish, Louisiana. Plaintiff seeks to recover damages for personal injuries allegedly sustained due to the accident. *See generally*, **Exhibit A**, Petition for Damages.

III.

Plaintiff alleges in the Petition that they are, at the time of the filing of this action, a resident and citizen of the State of Louisiana. *See generally*, **Exhibit A**, Petition for Damages.

IV.

Defendant, Kimberly R. Wicks, was at the time of the filing of this action and still is, a resident and citizen of the state of Mississippi. *See* **Exhibit B**, Declaration of Counsel.

V.

Defendant, GTS, was at the time of filing of this action and still is, a foreign corporation organized under the laws of Florida with its principal place of business in Florida. Thus, Guaranteed Transport is a citizen of the state of Florida. *See* **Exhibit B**, Declaration of Counsel.

VI.

Defendant, Hudson, was at the time of the filing of this action, and still is, a foreign insurance corporation incorporated under the laws of Delaware, with its principal place of business in New York. Thus, Hudson is a citizen of the states of Delaware and New York. *See* **Exhibit B**, Declaration of Counsel.

VII.

The Petition was served upon Hudson through the Louisiana Secretary of State on August 10, 2022. GTS was served via the Louisiana Long Arm Statute on August 8, 2022. Kimberly Wicks was served via the Louisiana Long Arm Statute on August 24, 2022. *See* **Exhibit B,** Declaration of Counsel.

VIII.

Plaintiff, Kathy Cook Ball claims that they are generally entitled to recover damages for injuries as a result of this incident and alleges that their damages were caused by the negligence of these Defendants. *See generally*, **Exhibit A**, Petition for Damages. Plaintiff makes no specific allegations of their injuries and alleges generally that they are entitled to broad categories of special and general damages, including pain and suffering, medical expenses, property damages, and lost wages, as a result of this incident. *See* **Exhibit A**, Petition for Damages at ¶6.

IX.

On August 25, 2022, the undersigned received via email medical records and bills from counsel for Plaintiff indicating for the first time the extent and nature of the injuries and medical treatment which are alleged to be related to this incident. **Exhibit B**, Declaration of Counsel; **Exhibit C**, August 25, 2022 Email. In the medical records, it is apparent that Plaintiff is alleging injury to her neck and low back as a result of this incident. Specifically, Plaintiff underwent lumbar and cervical MRIs (11/3/21 and 11/9/21, respectively) and has had treatment including two sets of lumbar medical branch blocks (4/28/22 and 5/12/22) and a set of lumbar radiofrequency ablations (5/26/2022). *See* **Exhibit D**, Medical Records, *en globo*. Ball's medical records also indicate that she is a candidate for a two level transforaminal lumbar interbody fusion surgery. *See* **Exhibit D**, Medical Records, *en globo* at p. 6.

X.

Plaintiff also produced medical bills, which indicate that Plaintiff is claiming past medical expenses of at least $31,423.31. *See* **Exhibit E**, Medical Bills, *en globo*.

XI.

Quantum research reveals that actions involving the injuries and treatment alleged,

including medial branch blocks, radiofrequency ablation, and a recommended lumbar fusion, place the amount in controversy in excess of $75,000. *See* **Exhibit B**, Declaration of Counsel. Further, the addition of the medical bills provided by plaintiff of over $31,000 and an indeterminate wage loss and loss of earnings claim, place the amount in controversy above $75,000 and warrants the exercise of federal jurisdiction.

XII.

This is a civil action within the original jurisdiction of this Court under the provisions of 28 U.S.C. § 1332, and is thus removable to this Court pursuant to the provisions of 28 U.S.C. §1441, *et seq.*, because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

XIII.

In compliance with 28 U.S.C §1446(a), a copy of all process, pleadings and orders served upon Defendant to date in state court are attached hereto. *See* **Exhibit A**, Petition for Damages. Further, a certified copy of the state court record has been requested and will be promptly filed into the Court's record upon receipt thereof.

XIV.

In compliance with the requirements of 28 U.S.C. § 1446(b)(2), "all defendants who have been properly joined and served" have joined in and consent to the removal of this action.

XV.

In compliance with the requirements of 28 U.S.C. § 1446(b)(1), this notice of removal is filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

XVI.

As noted above, Defendants were first placed on notice that the amount in controversy exceeds $75,000, exclusive of interests and costs, was on August 25, 2022, upon receipt of medical records and past medical expenses from Plaintiff. *See* **Exhibit B**, Declaration of Counsel.

XVII.

In compliance with 28 U.S.C. §1446 (d), Defendants hereby certify that this notice of removal is being served contemporaneously herewith to all adverse parties, and to the Clerk of Court of the 21st Judicial District Court for the Parish of Livingston, State of Louisiana.

**WHEREFORE**, defendants, Kimberly R. Wicks, Guaranteed Transport Service, Inc., and Hudson Insurance Company prays that this cause be removed from the 21st Judicial District Court for the Parish of Livingston, to this Honorable Court, to proceed thereafter in the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

/s/ *Megan S. Peterson*
M. Davis Ready (Bar No. 24616)
Megan S. Peterson (Bar No. 34026)
Alexandra E. Celio (Bar No. 38695)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163
Telephone:   (504) 569-2030
Facsimile:   (504) 569-2999
Email: davisr@spsr-law.com
           meganp@spsr-law.com
           alexandrac@spsr-law.com
***Attorneys for Defendants, Kimberly R. Wicks, Guaranteed Transport Service, Inc., and Hudson Insurance Company***

01163912-1

5

## **CERTIFICATE OF SERVICE**

      I, Megan S. Peterson, hereby certify that a copy of the above and foregoing pleading was sent by email and U.S. mail to all attorneys of record as listed below this <u>22nd</u> day of <u>September</u>, 2022.

      Amber D. Lorio
      DUDLEY DEBOSIER INJURY LAWYERS
      1075 Government Street
      Baton Rouge, Louisiana 70802
      alorio@dudleydebosier.com

                                                    /s/ *Megan S. Peterson*