# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KATHY COOK BALL**                                    **CIVIL ACTION**

**VERSUS**                                             **NO. 22-665-JWD-RLB**

**HUDSON INSURANCE COMPANY, ET AL.**

## ORDER

Before the Court is Plaintiff's Motion to Compel Discovery Responses. (R. Doc. 12). The motion is opposed. (R. Doc. 14).

**I.      Background**

On or about July 27, 2022, Kathy Cook Ball ("Plaintiff") initiated this personal injury action in State court, naming as defendants Kimberly R. Wicks ("Wicks"), her employer Guaranteed Transport Services, Inc. ("GTS"), and GTS's insurer Hudson Insurance Company ("Hudson") (collectively, "Defendants"). (R. Doc. 1-2). Among other things, Plaintiff alleges that she was involved in a motor vehicle collision with Wicks, who was driving a Kia Forte at the time of the collision in the course and scope of her employment with GTS. (R. Doc. 1-2 at 2). Plaintiff alleges that, in addition to other acts of negligence, Wicks failed to maintain a proper lookout, failed to yield/stop, and failed to maintain reasonable and proper control of her vehicle upon a public road. (R. Doc. 1-2 at 2). Plaintiff alleges that GTS is vicariously liable for Wicks's negligence and, in addition, negligently entrusted the vehicle to Wicks and failed to properly hire, train, and supervise Wicks. (R. Doc. 1-2 at 3).

Defendants removed this action on September 22, 2022, asserting that the Court can exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1).

There is no dispute that Plaintiff served timely Requests for Production on the

Defendants. The following Requests for Production Nos. 10-14 appear to seek information in

GTS's possession, custody, or control:

> **REQUEST FOR PRODUCTION NO. 10**: Company manuals and/or guides regarding hiring, firing, and training of employees, specifically drivers.

> **REQUEST FOR PRODUCTION NO. 11**: Company manuals and/or guides regarding the guidelines for driving company vehicles.

> **REQUEST FOR PRODUCTION NO. 12**: Company manuals and/or guides regarding cell phone usage by employees while driving company vehicles.

> **REQUEST FOR PRODUCTION NO. 13**: Company manuals and/or guides regarding reprimanding employees for company violations.

> **REQUEST FOR PRODUCTION NO. 14**: Please produce all documents in possession of the company, whether stored electronically or in paper form, related in any manner to KIMBERLY R. WICKS, including but not limited to all documents in any type of employment file, personnel file, risk management file, safety file, training file, or any other company file, as well as any and all documents in the possession of the company related in any manner to the collision sued upon herein.

(R. Doc. 12 at 2; *see* R. Doc. 12-3 at 16-19). In response, Defendants provided the following

objections:

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 10-13**: Defendants object to this Request as vague, ambiguous, and compound. Defendant further objects to this Request as premature, as investigation and discovery are ongoing. Defendants object to this Request as seeking information and/or documents that are confidential or proprietary in nature. Defendants also object to this Request as overly broad, as it is not limited in scope, subject matter, or date of the accident in question. Further, Defendants object to this Request as neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants also object insofar as this Request is not reasonably calculated to lead to the discovery of relevant or admissible evidence. Because this accident did not occur in the operation of a company or commercial vehicle, Defendants object to the relevancy of producing the requested materials.

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**: Defendants object to this Request as compound, vague, and ambiguous. Defendants further object to this Request as duplicative. Defendants object to this Request as neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants also object insofar as this Request is not reasonably calculated to lead

to the discovery of relevant or admissible evidence. Defendants object to this Request as seeking information and/or documents that are confidential or proprietary in nature. Defendants also object to this Interrogatory as a response would require disclosure of private and personal information deemed confidential under the Health Insurance Portability and Accountability Act. Defendants further object to this Interrogatory insofar as it seeks discovery of personal, sensitive, or otherwise private information. Defendants also object to this Request as overly broad, as it is not limited in scope, subject matter, or date of the accident in question. Because this accident did not occur in the operation of a company or commercial vehicle, Defendants object to the relevancy of producing the requested materials.

(R. Doc. 12 at 3; *see* R. Doc. 12-3 at 16-19). No documents were produced in response to these requests for production.

The parties held a discovery conference with respect to the instant discovery dispute on June 20, 2023, but were unable to reach a resolution. (R. Doc. 12 at 4-5). Plaintiff timely filed the instant Motion to Compel prior to the close of non-expert discovery, which was previously set for June 30, 2023. (*See* R. Doc. 10). The Court has since extended the non-expert discovery deadline to September 29, 2023. (R. Doc. 13).

Plaintiff seeks on order requiring Defendants to provide complete responses to Requests for Production Nos. 10-14. Plaintiff notes that in response to Interrogatory No. 3, Defendants stated that while Wicks was driving a "rental vehicle" at the time of the collision, she was nevertheless "on a mission for her employer, Guaranteed Transport Services" at the time of the collision. (R. Doc. 12-1 at 4) (citing R. Doc. 12-3 at 4). Among other things, Plaintiff argues that "it is clear that the Defendant's company manuals regarding hiring, firing, and training, and particularly those containing guidelines for driving company vehicles, are highly relevant in the instant matter for determining potential allocation of fault in this case" and "Ms. Wicks's employment file, personal file, risk management file, or any other pertinent company file related to the instant collision, are clearly relevant to the instant case." (R. Doc. 12-1 at 5).

In opposing the motion, Defendants argue that the objections raised in response to Requests for Production Nos. 10-14 are valid because there is no dispute that Wicks, a commercial driver for GTS, "was not operating a commercial truck/18-wheeler at the time of the subject accident." (R. Doc. 14 at 1-3). Defendants argue that Request for Production Nos. 10-13 "speak generally to company manuals for all periods of time for the broad topics requested" and "foundational relevance has not been established for any of the items requested" given that the requests seek "company manuals and/or guides" that do not pertain to the operation of a non-company vehicle. (R. Doc. 14 at 3-4). With respect to Request for Production No. 14, Defendants similarly argue that the information sought is "overly broad and not proportional to the needs of this case" and are otherwise irrelevant to this matter. (R. Doc. 14 at 4-5).

## II.    Law and Analysis

### A.    Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii)

the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

A party must respond or object to a request for production within thirty days after service of the discovery. *See* Fed. R. Civ. P. 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). "An objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). If a party fails to respond fully to discovery requests made pursuant to Rule 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**B.    Analysis**

As an initial matter, the Court will overrule various boilerplate objections raised by Defendants in their response, including that the requests are "compound, vague, and ambiguous," or otherwise "premature" or "duplicative." Defendants do not discuss these objections in their opposition.

The Court will also overrule Defendants' objections based on the confidential nature of the information sought. Such issues are regularly addressed by the entry of joint protective orders governing confidential documents exchanged in discovery. Defendants admit that "Plaintiff inquired about a confidentiality stipulation" but do not explain why no attempt to enter into such a stipulation—or otherwise seek entry of a joint protective order—was made. (*See* R. Doc. 14 at 3).

The real dispute between the parties is limited to whether, and to what extent, the employer manuals and/or guides (sought by Request for Production Nos. 10-13) or Wicks's employment/personnel files (sought by Request for Production Nos. 14) fall within the scope of discovery. Having considered the arguments of the parties, the Court will require Defendants to produce documents within their possession, custody, or control as set forth below.

With respect to Request for Production Nos. 10-13, the Court generally agrees with Plaintiff that the fact that Wicks was driving a rental vehicle at the time of the motor vehicle collision does not preclude discovery of employer manuals and/or guides. Plaintiff is specifically seeking damages from GTS based on negligent entrustment and failure to improperly hire, train, and supervise an employee, as well as vicarious liability based on that employee's alleged negligent acts. (*See* R. Doc. 1-2 at 2-3). There is no dispute that Wicks was operating the rental vehicle on behalf of GTS in the course and scope of her employment. The Court need not determine, in the context of deciding whether Plaintiff may discover GTS's employer manuals and/or guides, whether the rental vehicle qualified as a "commercial vehicle" for the purposes of "commercial motor vehicle rules and operational regulations." (*See* R. Doc. 14 at 6). It is sufficient for the Court to conclude that the discovery sought is relevant to Plaintiff's claims and proportionate to the needs of this case. *See Ha v. Melo*, No. 19-500, 2019 WL 13223846 (E.D. La. Sept. 24, 2019) (in personal injury action involving motor vehicle collision, allowing plaintiff to obtain discovery on individual defendant's driving record, past performance records, and qualification and training records from corporate entity that argued that the van driven in the motor vehicle collision was not a commercial vehicle).[1]

---

[1] It is worth noting that GTS has not submitted any affidavit or declaration, under penalty of perjury, indicating that the manuals and/or guides responsive to the requests for production specifically <u>exclude</u> from their scope rental vehicles such as the one at issue.

Plaintiff is not, however, only seeking manuals and/or guides that are limited to the operation of vehicles or to the general time period at issue. The discovery sought also pertains to GTS's practices and procedures regarding its employees in general. The Court will require GTS to produce, without further objection other than that based on a privilege or immunity, responsive manuals and/or guides sought by Requests for Production Nos. 10-14. The Court will, however, limit the required production of manuals and/or guides to those: (1) in effect at the time of the incident, and (2) which would pertain to Welks given her position as a commercial driver for GTS. The information sought is relevant to Plaintiff's claims. Furthermore, Defendants do not set forth any specific arguments (such as undue burden or expense) in support of a finding that requiring GTS to produce company manuals and/or guides in its possession, custody, or control is somehow disproportionate to the needs of this case. Any issues with respect to the confidentiality of the information sought can be addressed through a joint protective order.

With respect to Request for Production No. 14, the Court concludes that the request is overly broad as written, given that it seeks the production of all documents "related in any manner to" Wicks, which would include any communications that have no bearing to the underlying subject collision or unrelated records in other employee files. The search for responsive records alone would require review of every file in existence within the possession, custody or control of GTS.

The Court does, however, find that Wick's own employment/personnel files fall within the scope of discovery given Plaintiff's claims. Accordingly, the Court will limit the request to those particular files. *See Banks v. Toscano*, No. 19-274, 2019 WL 13213313, at *3 (E.D. La. Nov. 20, 2019) (limiting request for any employment/personnel files "related in any manner to the collision" to the actual individual defendant). As with the other requests for production, any

issues with respect to the confidentiality of the information sought can be addressed through a joint protective order.

**III.    Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery Responses (R. Doc. 12) is **GRANTED IN PART and DENIED IN PART.** Defendants must produce non-privileged responsive documents, consistent with the body of this Order, within **7 days** of the date of this Order, or as otherwise agreed upon by the parties. The parties may also seek joint entry of a protective order governing the exchange of confidential information prior to the production of responsive information as required by this Order.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on September 28, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**