UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATHY COOK BALL                                                    CIVIL ACTION

VERSUS                                                             NO. 22-665-JWD-RLB

HUDSON INSURANCE COMPANY, ET AL.

### ORDER

Before the Court is Defendants' Motion to Compel. (R. Doc. 17). It is opposed. (R. Doc. 23). For the following reasons, the motion is granted in part and denied in part.

I.   **Background**

On July 27, 2022, Kathy Cook Ball ("Plaintiff") initiated the captioned action in state court against Kimberly R. Wicks, Guaranteed Transport Services, Inc., and Hudson Insurance Company (collectively, "Defendants"). (R. Doc. 1-2). Plaintiff claims that due to a collision, she sustained the following (past, present, and future): (1) physical pain and suffering; (2) mental anguish; (3) loss of enjoyment of life; (4) disfigurement and disability; (5) medical expenses, property damage, and rental expenses; (6) lost wages/earnings;[1] and (7) other damages. (R. Doc. 1-2). Defendants removed this action to this Court on September 22, 2022, based on diversity jurisdiction. (R. Doc. 1). Since then, Defendants have timely served Requests for Production on Plaintiff. (R. Doc. 17-2). The following Request for Production No. 23 ("RFP 23") is at issue here:

> For any and all social media accounts which you have used during the Relevant Time Period, please screenshot, download, or otherwise preserve and produce any and all status updates, photographs, and/or videos posted by you for a period of six (6) months before the Accident through the present that (1) refer or relate to

---

[1] In her opposition, Plaintiff claims that she is not making a lost wage claim. (R. Doc. 23 at 1). This is contrary to the claims in the petition. No amended pleading has been filed withdrawing that claim. In addition, social media posts regarding continued employment bear on other categories of alleged damages such disability, physical pain and suffering and mental anguish.

1

  the accident in question, (2) that refer or relate to physical injuries, medical treatment, and/or resulting alleged disabilities or limitations of Plaintiff, (3) that refer or relate to Plaintiff's job/employment status, ability to work, or otherwise pertain to her ability to work or fact of working, (4) that reflect capabilities of plaintiff inconsistent with the alleged injuries, and (5) that reflect or document activities, vacations, trips, social outings, events, or other life events in which Plaintiff has participated. (R. Doc. 17-2).

Plaintiff responded to the above by stating only that "Plaintiff will not remove anything from her social media accounts." (R. Docs. 17-1, 17-3). As a result, the parties held two discovery conferences. (R. Doc. 17-5). When it was clear the parties were unable to reach a resolution, Defendants timely filed the instant Motion to Compel.

Defendants seek an order requiring Plaintiff to provide a complete production in response to RFP 23. (R. Doc. 17). Defendants explain that they know Plaintiff has the information they seek because Plaintiff "testified [in her deposition] that she actively uses her Facebook and Instagram to post content regarding social outings and other life events[and that she has] a Twitter and TikTok account." (R. Docs. 17-1, 17-4). Defendants also assert that they "tailored their requests to fall in line both with [relevant] jurisprudence and the relevant issues in this matter." (R. Doc. 17-1).

Plaintiff argues, however, that RFP 23 is "burdensome, irrelevant, and overly broad[, because D]efendants are effectively requesting that Plaintiff preserve and produce any and all posts [from] Plaintiff's social media accounts and accounts not owned by her in which she was 'tagged' without discrimination as to [relevance.]" (R. Docs. 17-4, 23).

## II. Law and Analysis

### A. Legal Standards

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of

the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). A party must respond or object to a request for production within thirty days after service of the discovery. *See* Fed. R. Civ. P. 34. Insufficient or untimely objections are waived. *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989). Objections are sufficient if they "state whether any responsive materials are being withheld on the basis of th[e] objection." Fed. R. Civ. P. 34. "[C]onclusory objections that the requested discovery is 'overly broad, burdensome, oppressive and irrelevant' are insufficient[.]" *Scott v. United States Postal Serv.,* No. CV 15-712-BAJ-EWD, 2016 WL 7440468, at *4 (M.D. La. Dec. 27, 2016) (Citations omitted). Irrespective of objections, however, a court must limit discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other . . . more convenient, less burdensome, or less expensive [source]; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2).

Social media posts are "discoverable [if they are] relevant and proportional to the needs of the case." *O'Malley v. Pub. Belt R.R. Comm'n for City of New Orleans,* No. CV 17-4812, 2018 WL 11351528, at *3 (E.D. La. May 1, 2018) (Citing *Scott,* 2016 WL 7440468, at *5; *See Ehrenberg v. State Farm Mut. Auto. Ins. Co.,* No. CV 16-17269, 2017 WL 3582487, at *2 (E.D. La. Aug. 18, 2017). But "[e]ven where discoverable, a defendant is not granted 'unfettered access to a plaintiff's social [media] sites that he or she has limited from public view' simply because the plaintiff has put his or her mental and physical conditions at issue." *Id* (Citation omitted); *Farley v. Callais & Sons LLC*, No. CIV.A. 14-2550, 2015 WL 4730729, at *3 (E.D.

3

La. Aug. 10, 2015) (Citation omitted); *See also Ehrenberg,* 2017 WL 3582487, at *2. Thus, this Court has limited overbroad social media requests to compel only postings that refer or relate to:

> (1) the accident in question; (2) emotional distress that a plaintiff alleges she suffered as a result of the accident and any treatment received therefor; (3) alternative potential emotional stressors or that are inconsistent with the mental injuries she alleges here; (4) physical injuries that a plaintiff alleges she sustained as a result of the accident and any treatment that she received[]; (5) other, unrelated physical injuries suffered or sustained by a plaintiff; and (6) physical capabilities that are inconsistent with the injuries that a plaintiff allegedly suffered as a result of the accident.

*Baxter v. Anderson,* No. CV 16-142-JWD-RLB, 2016 WL 4443178, at *4 (M.D. La. Aug. 19, 2016) (Citation omitted); *See Impson v. Dixie Elec. Membership Corp.*, No. 14-632, 2015 WL 9413122, at *2-3 (M.D. La. Dec. 22, 2015); *See also Hardy v. New Jersey Manufacturers Ins. Co.,* No. CV 22-153-SDD-RLB, 2022 WL 15446280, at *5 (M.D. La. Oct. 26, 2022).

### B.     Legal Analysis

As detailed above, social media is generally discoverable if it is relevant. *Baxter*, 2016 WL 4443178 at *2; *see also Farley*, 2015 WL 4730729. Therefore, most of the post categories requested by Defendants are discoverable as they are likely to reveal information demonstrating the viability of a plaintiff's claims of pain and suffering, loss of enjoyment of life, disfigurement, disability, and lost wages. Fed. R. Civ. P. 26(b). (R. Doc. 1-2). An example of this is Defendants' request for posts referring or relating to "the accident in question[.]" (R. Doc. 17-2). However, not all of Defendants' requests for social media posts seek relevant information; some are overbroad.

Plaintiff objects that Defendants' social media requests are "burdensome, irrelevant, and overly broad[.]" (R. Docs. 17-4, 23). While this objection is untimely, the Court, in exercising its duties under Fed. R. Civ. P. 26, agrees that some of Defendants' requests are overbroad because they are "unreasonably cumulative or duplicative [and are] outside the scope permitted by Rule

4

26(b)(1)." Fed. R. Civ. P. 34; *In re United States*, 864 F.2d 1153 at 1156; *Scott,* 2016 WL 7440468, at *4; Fed. R. Civ. P. 26(b)(2). Defendants' request for social media posts up to six months before the accident is cumulative and duplicative because such posts are irrelevant to the alleged injuries in this case and/or seek information regarding potential prior injuries of the Plaintiff—injuries that could be discovered in Plaintiff's medical records. As for the scope permitted by Fed. R. Civ. P. 26, Defendants even seek posts of Plaintiff's friends who have 'tagged' her, implicating postings by an unknown number of individuals, implicating the privacy of those who are not involved in the case, and implicating an unknown quantity of likely irrelevant content. (R. Doc. 17-1 at 6).[2] *See Ehrenberg,* 2017 WL 3582487, at *3. Such inquiries must be limited pursuant to Fed. R. Civ. P. 26.

However, Plaintiff is obligated to answer Defendants' Request for Production No. 23, as limited below, because most of content at issue is within the scope of discovery and consistent with information that this Court has compelled in other cases. *Baxter,* 2016 WL 4443178, at *4 (Citation omitted); *Impson*, 2015 WL 9413122, at *2-3; *Hardy,* 2022 WL 15446280, at *5.

### III.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Compel (R. Doc. 17) is **GRANTED IN PART and DENIED IN PART.** Each party shall bear their own costs.

**IT IS FURTHER ORDERED** that within **14 days** of this Order, or as agreed to by the parties, Plaintiff must produce, <u>after her counsel's assessment</u>, any and all of her social media posts, from the date of the alleged accident through the present, referring or

---

[2] The Request for Production was limited to "status updates, photographs, and/or videos **posted by you**." The scope of the request will not be expanded now by the Court to include tags of plaintiff by others on posts made by third parties.

relating to: (1) the accident in question, (2) physical injuries, medical treatment, and/or resulting alleged disabilities or limitations of Plaintiff, (3) Plaintiff's job/employment status, ability to work, or otherwise pertain to her ability to work or fact of working[3], and (4) that reflect Plaintiff's capabilities inconsistent with her alleged injuries.[4]

To effectuate the foregoing search, and to ensure that Plaintiff's search for responsive information is complete, Plaintiff must, to the extent possible, download all historical data during the applicable timeframe available from her social media accounts for her and counsel to review for responsive information covered by this Order. If a particular account does not allow for such a download and review, any responses provided shall include a description of the steps taken to locate and review any responsive information within any account.

Signed in Baton Rouge, Louisiana, on November 27, 2023.

 
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] This will include any references to former, current or prospective employment.
[4] In her deposition, Plaintiff alleges significant limitations in her daily activities, including pain in conducting day to day activities. (R. Doc. 17-4). Any social media postings contrary to these representations shall be produced.